## LUCIUS GARRETT v. STATE.

No. A-3581—Opinion Filed March 19, 1921.

(196 Pac. 145.)

Appeal from Logan County Court; A. H. Boles, Judge.

Lucius Garrett was convicted of selling intoxicating liquor, and he appeals. Affirmed.

B. F. Garrett, for plaintiff in error.

S. P. Freeling, Atty. Gen.. and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Logan county. wherein plaintiff in error. Lucius Garrett, hereafter designated defendant, was convicted of the crime of selling whisky, and his punishment fixed at a fine of $50 and 30 days' imprisonment in the county jail.

It is contended in this court that the evidence is not sufficient to sustain the conviction. Defendant was charged with having sold certain whisky to one Frank Johnson. and Frank Johnson as a witness testified in part as follows:

"Frank Johnson, a witness being called and sworn on behalf of the state, testifies as follows: * * * My name is Frank Johnson. * * * A. I was going down to the depot on Harrison avenue, and I met Davy Province and this householder about halfway down to the depot from Division street. * * * A. We went down in the bend below Coyle's old mill. I don't know exactly where it is—we went past where the mill was burned out, and went I think about one or two streets south of that. Q. To whose place did you go? A. I don't know the name of the place. Q. Was the name of the place mentioned after you got down there? A. Not that I remember of. Q. All right, what did you do after you got down there? A. Well when we got down there they wanted me to—Davy wanted me to let him have some money to buy this whisky with—he said he was broke—and I let him have $6. They bought first a half pint and then they bought another half pint; I took a drink out of the first half pint. and then they bought another

half pint. * * * Q. Have you ever seen the defendant here? A. I saw him that night. Q. Where was he that night? A. In his house —I suppose it was his house. Q. Did you buy some whisky of him that night? A. I paid for the whisky. Q. How much whisky did you pay for? A. Two half pints. Q. And how much did you pay for it? A. I paid $6 for it. Q. Now just describe how that money passed, and how the whisky came to you. A. Well they first bought a half pint of whisky. I paid for it, that is, I paid for it for them. I took a drink out of the first pint, and the other boys drank it up and · they wanted another pint, and I said I didn't care for any more, but I did pay for it. * * * Q. Was the defendant there? A. Yes, sir. Q. Who furnished the whisky? A. He furnished the whisky. Q. Who got the money? A. He got the money—I paid the money to him."

The foregoing excerpt from the testimony given by the prosecuting witness discloses facts sufficient to. authorize the jury to reasonably conclude that defendant .sold whisky to the said Johnson, as charged in the information. The argument directed against the sufficiency of this evidence is aimed exclusively at the credibility of the prosecuting witness. The trial court permitted a very liberal cross-examination of this witness in an effort, on behalf of the defendant, to show, or at least raise a reasonable doubt as to, the identity of defendant as the person making the alleged sale, and also for the purpose of showing that the prosecuting witness was in an intoxicated condition. While the evidence is to some extent conflicting upon these questions, it was the sole province of the jury to determine whom to believe and whom not to believe.

The judgment is affirmed.